PER CURIAM.
This is an appeal by Hollywood Hills Nursing Home (Hollywood Hills) to review *1050 a final agency order in which the Department of Health and Rehabilitative Services (Department) overruled all objections to the hearing officer’s recommended order.
Hollywood Hills operates a nursing home and a psychiatric hospital on a common site. The nursing home is entitled to Medicaid reimbursement for certain of its services. However, prior to payment thereof, the Department annually makes an audit of the nursing home’s claims, and determines the amounts it feels are due, making any necessary adjustments. Being dissatisfied with the audit adjustments for the years 1980 and 1981, Hollywood Hills filed two petitions for formal hearings pursuant to section 120.57, Florida Statutes (1982). The petitions were consolidated and in due course heard by a Department of Administration Hearing Officer.
Hollywood Hills contended that the Department erred in its audit adjustments, which disallowed reimbursement for portions of certain costs such as advertising, management or home office consulting fees, depreciation, amortization, return of equity capital, short-term liabilities, and non-legend drugs.
At the formal hearing, the appellant, Hollywood Hills, argued that the Department, in its auditing procedures, did not follow generally accepted accounting principles or generally accepted auditing standards, failed to follow the rules promulgated in the Florida Administrative Code and wrongfully considered, audited and adjusted items of expense relating to Hollywood Pavilion (the psychiatric hospital), thereby improperly inflating the items disallowed in the audit of the nursing home. The Department, of course, argued that its audit adjustments were proper.
The final order of the Department adopted; the hearing officer’s findings and recommendations, which, with several exceptions, approved the Department’s audit adjustments. Furthermore, the final order also approved the hearing officer’s recommendations regarding future necessary adjustments and provided that the auditor’s and the provider’s accountants should arrive at those figures in accordance with the overall recommendations stated by the hearing officer.
In its first point on appeal, Hollywood Hills contends that, in conducting its audit, the Department reduced Hollywood Hills’s claim by deducting costs and expenses attributable to the psychiatric hospital that Hollywood Hills had already deducted in presenting its claim. The Department denied this contention. The issue seems to arise over the different methodologies used in arriving at the end result. In any event, this was a question of fact that the hearing officer decided in the Department’s favor and it appears to us that the record supports that conclusion.
Another fact question presented involved the disallowance of advertising costs and a consulting fee. The hearing officer found the advertising costs to be promotional and non-reimbursable, and the consulting fee was found to be an improper charge because the services were either duplicative or properly chargeable to Hollywood Hills’s home office.
Depreciation was allowed in a reduced amount. Hollywood Hills claims this was error because the Department did not follow generally acceptable accounting standards. While admitting it did not follow such standards, the hearing officer found that Hollywood Hills failed to prove certain depreciation claims by original acquisition documentation as required by section 2304 of the Health Insurance Manual (HIM 15). As a result, the hearing officer had to resort to secondary evidence in order to allow Hollywood Hills anything for that item. Thus, the deviation from generally accepted standards appears to have redounded to: Hollywood Hills’s benefit.
Finálly, Hollywood Hills contends that the final agency order is not final because it provided that the auditor’s and provider’s accountants could “plug in” the figures provided by the hearing officer in the correct places. The Department responds to this criticism of the order by pointing out that it is quite common in *1051 Medicaid audit hearings to determine only whether certain costs are allowable rather than to issue a final cost report in the final order. We accept that proposition because the principals are fixed in the hearing officer’s recommended order adopted by the Department. The Department apparently agreed with the hearing officer’s findings of fact on the figures and intended that the Medicaid audit adjustments simply be clarified to reflect the stepped-down figures stated in the recommended order. Thus, we believe the parties can plug the appropriate amounts into the Medicaid audit adjustments. Suffice it to say, if the figures utilized by the Department’s auditors are not clarified to coincide with the figures stated by the hearing officer, then Hollywood Hills should be entitled to a further hearing and determination of the matter.
Having fully considered all of the appellate points presented, we find no reversible error demonstrated.
AFFIRMED.
ANSTEAD, C.J., and DOWNEY and WALDEN, JJ., concur.